IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent, | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-33 |
| | § | CRIMINAL ACTION V-05-23 |
| ROLANDO VILLANUEVA-GARCIA, | § | |
| | § | |
| Petitioner. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Rolando Villanueva-Garcia's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Dkt. No. 45.)[1] The United States responded and moved to deny relief on the record. (Dkt. No. 47.) After considering the motions, record, and relevant law, the Court is of the opinion that Petitioner's motion should be DENIED.

### Background

Petitioner pled guilty on July 5, 2005 to unlawful re-entry into the United States. (*See* Dkt. No. 29 at 1.) He was sentenced to 108 months in prison, followed by three years of supervised release, and ordered to pay a $100 special assessment. (*Id.* at 2, 3 & 5.) Petitioner appealed to the Fifth Circuit, which affirmed Petitioner's sentence on November 27, 2006. *United States v. Villanueva-Garcia*, 211 Fed. Appx. 252 (5th Cir. 2006). Petitioner filed the instant motion on March 14, 2007.

---

[1] The citations in this Order refer to Criminal Action No. V-05-23.

**Claims**

Petitioner raises three grounds for relief.

1. Petitioner's trial counsel was ineffective because he did not object to a statement in his pre-sentence investigation report ("PSI") that Petitioner had killed someone in a car accident.

2. Petitioner's trial counsel was ineffective for not investigating Petitioner's claim that he did not kill anyone in a car accident.

3. Petitioner's trial counsel was ineffective for not objecting to the PSI's statement that he had previously raped someone.

**Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

To make out a claim for ineffective assistance of counsel, Petitioner must show objectively deficient performance and resulting prejudice in order to obtain relief. *See Strickland v. Washington*, 466 U.S. 668 (1984).

**Analysis**

Petitioner's first two grounds for relief both question a portion of his PSI that stated that he

had struck someone while driving under the influence of alcohol, and that this person later died of injuries sustained in the accident. Petitioner argues that "the records" do not show that Petitioner actually killed anyone. (Dkt. No. 45 at 5.) In order to show that counsel's errors prejudiced him in the sentencing context, Petitioner must show that he would have received a letter sentence thatn he did had counsel not performed deficiently.[2]

First, Petitioner has not shown the Court any records that back up his statement. Thus, Petitioner has not proved that his counsel's performance was deficient. Further, even if counsel did perform deficiently in not objecting, there was no prejudice: the Court would have imposed the same sentence even if Petitioner's objections were sustained.

Petitioner's third ground for relief refers to a paragraph in his PSI that discussed a conviction for criminal trespass and indecent assault. He argues that his attorney should have objected because the PSI states "no details of the offense could be located," and this was not true because details are available. Petitioner, however, is confused. In the relevant paragraph of the PSI, details of the indecent assault and trespass *are* given. Nowhere in that paragraph does the PSI state that details could not be located. Thus, there were no grounds on which Petitioner's counsel could object, and his performance cannot be said to have been deficient.

Petitioner's third ground for relief might also be read to challenge his attorney's failure to object to the use of a prior rape to enhance his sentence when, by the definition of the crime of rape,

---

[2] Respondent argues that the "significantly less harsh" standard of *Spriggs v. Collins*, 993 F.2d 85,88 (5th Cir. 1993), should apply. This standard was overruled by the Supreme Court in *Glover v. United States*, 531 U.S. 198 (2001); *see also United States v. Gra,mmas*, 376 F.3d 433 (5th Cir. 2004) (holding that "*Glover* abrogates the significantly less harsh test, and that *any* additional time in prison has constitutional significance."). Respondent argues that because *Glover* was decided while the Federal Sentencing Guidelines were still mandatory, the proper standard under the voluntary guidelines is the old *Spriggs* one. However, post-*Booker*, the Fifth Circuit has continued to use the *Glover* standard in federal criminal cases. *See United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005); *United States v. Blout*, 159 Fed. Appx. 591, 592 (5th Cir. 2005).

he did no such thing. This argument also fails: Petitioner's criminal history score was not increased because of a rape; rather, it was increased because he was sentenced to over a year in prison for the crime of "indecent assault."

Prior to sentencing on September 2, 2005, Petitioner's counsel filed numerous objections to the findings contained in the PSI. (Dkt. No. 21.) On September 16, 2005, Petitioner's counsel supplemented his objections (Dkt. No. 24), and on October 3, 2005, Petitioner's counsel filed a motion for downward departure. At sentencing, the Court overruled Petitioner's objections and denied the motion for downward departure. Considering the objections actually advanced by counsel at sentencing, counsel's performance cannot be deemed deficient. Even if counsel had presented the objections Petitioner complains of, Petitioner cannot show that he would have received less jail time. No procedural errors were committed in the computation of Petitioner's sentence, and the 108 month sentence is not unreasonable.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner must obtain a certificate of appealability before he can appeal this Order dismissing his motion. To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right. The issuance of a certificate of appealability in this action is denied.

**Conclusion**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2555 To Vacate, Set Aside, or Correct Sentence is DENIED. A Certificate of Appealability shall not issue.

It is so ORDERED.

Signed this 31st day of March, 2010.

                                         JOHN D. RAINEY
                                         UNITED STATES DISTRICT JUDGE